# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MEGAN BOLLINGER | : | |
| 7059 Dutch Lane | : | |
| Johnstown, Ohio 43031 | : | CASE NO |
| | : | |
| and | : | JUDGE |
| | : | |
| WILLIAM C. BOLLINGER | : | |
| 7059 Dutch Lane | : | |
| Johnstown, Ohio 43031 | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| THE VILLAGE OF JOHNSTOWN, OHIO | : | |
| 559 S. Main Street | : | |
| Johnstown, Ohio 43031 | : | **JURY DEMAND** |
| | : | **ENDORSED HEREON** |
| and | : | |
| | : | |
| JASON BOWMAN | : | |
| c/o Johnstown Police Department | : | |
| 559 S. Main Street | : | |
| Johnstown, Ohio 43031 | : | |
| | : | |
| and | : | |
| | : | |
| BRADLEY MAY | : | |
| c/o Johnstown Police Department | : | |
| 559 S. Main Street | : | |
| Johnstown, Ohio 43031 | : | |
| | : | |
| Defendants. | : | |

## JURISDICTION AND VENUE

1. This is a civil action for money damages brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States.

2. This court has original jurisdiction over Plaintiffs' claims presented in this Complaint based upon the laws of the United States pursuant to 28 U.S.C. § 1331, 1341 and 1343.

3. This Court has supplemental jurisdiction over Plaintiffs' claims presented in this Complaint based upon the laws of the State of Ohio pursuant to 28 U.S.C. § 1367 because these claims are so related to the claims in this action that are within the original jurisdiction of this Court, as stated above, that they form part of the same case or controversy.

4. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, excluding interest, costs and attorney fees.

5. The unlawful actions alleged in this Complaint took place within the jurisdiction of the United States District Court for the Southern District of Ohio (Eastern Division). Venue is proper under 28 U.S.C. §1391(b).

**PARTIES**

6. Plaintiff, Megan Bollinger, is, and at all times relevant to this action was, a permanent resident of the State of Ohio.

7. Plaintiff, William C Bollinger, is, and at all times relevant to this action was, a permanent resident of the State of Ohio

8. Defendant, The Village of Johnstown, Ohio ("Johnstown"), is a local government entity organized and operating under the laws of the State of Ohio. At all relevant times hereto, Defendant Johnstown, acting through the Johnstown Police Department was responsible for the policy, practice, supervision, implementation and conduct of all Johnstown Police Department matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all Johnstown Police Department personnel. In addition, at all times relevant hereto, Defendant Johnstown was responsible for enforcing the rules of the Johnstown Police Department

and for ensuring that the Johnstown Police Department personnel obey the laws of the United States and the State of Ohio.

9. Defendant, Jason Bowman, at all times relevant to this action, was a law enforcement officer acting in the course and scope of his employment with Johnstown and under color of law. He is sued in his individual capacity.

10. Defendant, Bradley May, at all times relevant to this action, was a law enforcement officer acting in the course and scope of his employment with Johnstown and under color of law. He is sued in her individual capacity.

## FACTUAL ALLEGATIONS

11. On or about July 16, 2016, around 3:03 a.m., Defendants Bowman and May were working patrol. May received a call from Bowman to check out 64 S. Main Street, Johnstown, Ohio for a possible burglary.

12. As Defendant May arrived in the area of 64 S. Main Street, he observed a number of individuals outside of a bar and approached them including an individual by the name of Sunshine Williamson.

13. According to Defendants May and Bowman, Ms. Williamson claimed Plaintiff William Bollinger barged into the home of Shawn Block and was threatening Ms. Williamson.

14. At this time and all relevant times hereto, Defendant May knew Ms. Williamson had been in a relationship with Plaintiff William Bollinger and Defendant Bowman.

15. Defendant Bowman was present to assist Defendant May with speaking to a number of individuals including, but not limited to, Ms. Williamson.

16. Although Defendant May knew about the relationship between Williamson and Bowman, he failed to request Defendant Bowman to recuse himself from the investigation, and he

3

failed to request a different police officer to assist with any investigation and disclose to anyone the relationship between Defendant Bowman and Ms. Williamson.

17. At all relevant times hereto, Defendants May and Bowman were wearing body cameras which depicted their alleged investigation.

18. The investigation conducted by Defendants May and Bowman is inconsistent with what is depicted on their body cameras as well as what is set forth in their written narrative report. Defendants May and Bowman were urging witnesses what to say in order to file criminal charges against Plaintiffs.

19. Defendants May and Bowman created and/or conjured up evidence to support criminal charges against Plaintiffs.

20. At all relevant times hereto, Defendant Bowman was upset and jealous of the relationship that Plaintiff William Bollinger had with Ms. Williamson.

21. Defendant Johnstown had knowledge of the relationship that Defendant Bowman had with Ms. Williamson and his animosity towards Plaintiff William Bollinger; however, Defendant Johnstown continued to allow Defendant Bowman to harass, any and oppress Plaintiff William Bollinger.

22. Based upon the fictitious investigation conducted by Defendants May and Bowman, Defendant May interviewed Plaintiff Megan Bollinger who denied any of the claims being made by Defendants including ever entering the residence at 64 South Main Street, Johnstown, Ohio. In addition, Plaintiff Megan Bollinger indicated that at no time did Plaintiff William Bollinger ever enter the premises located at 64 South Main Street.

23. Defendant May interviewed Plaintiff William Bollinger who denied ever entering the premises at 64 South Main Street, Johnstown, Ohio and denied the claims that were being made

4

by Defendants relating to any criminal conduct.

24. Defendant May also interviewed another individual who indicated that at no time did Plaintiffs enter the residence at 64 South Main Street, Johnstown, Ohio.

25. On or about July 16, 2016, Defendant May, without probable cause, filed a criminal complaint along with an arrest warrant against Plaintiff William Bollinger alleging two counts of trespassing, a felony of the fourth degree, and one count of assault.

26. On or about July16, 2016, Defendants, without probable cause, filed a criminal complaint against Megan Bollinger alleging one count of trespassing, a felony of the fourth degree.

27. During the pendency of the charges, Defendants never disclosed to the county prosecutor's office and/or any county prosecutor and/or the Court or defense attorney that Defendant Bowman had been in a relationship with Ms. Williamson.

28. Plaintiffs were required to hire counsel to represent them regarding the criminal charges filed against them as well as post bond.

29. Plaintiffs were required to appear in court.

30. Due to the fact that there was no probable cause to bring the charges against Plaintiffs, all charges against Plaintiffs were dismissed.

31. After Plaintiffs had been criminally charged, Defendant Bowman confided in Ms. Williamson and admitted to her that he was "the puppet master" and colluded with Defendant May to create evidence, coerce witnesses, and use their power to charge Plaintiffs.

32. Defendant Bowman admitted to Ms. Williamson that he was telling Defendant May what to charge Plaintiff William Bollinger with and controlling the criminal process against Plaintiffs.

33. Defendant Bowman was motivated by his jealousy of the relationship between Ms.

5

Williamson and Plaintiff William Bollinger.

34. During the course of Defendant Bowman's employment Defendant Johnstown became aware, or should have become aware, of information that Defendant Bowman was unfit to serve in the capacity of a police officer, that he posed a danger to the public and that he had repeatedly violated the civil rights of those he was sworn to serve and protect.

35. Prior to July 16, 2016, Johnstown was on notice of Defendant Bowman's misconduct including, but not limited to, his relationship with Ms. Williamson and his animosity and hatred towards Plaintiff William Bollinger.

36. As a result of his lust for Ms. Williamson and his rage of jealousy against Plaintiff William Bollinger, Defendant Bowman was unfit to serve in the capacity of a police officer and he posed a danger to Plaintiffs.

37. With this knowledge, Defendant Johnstown did not fire, reprimand, discipline, counsel, reassign, or retrain Defendant Bowman prior to July 16, 2016.

## FIRST CAUSE OF ACTION – (42 U.S.C §1983)

38. Plaintiffs incorporate by reference and make a part hereof all preceding paragraphs of this Complaint is if completely rewritten herein.

39. Defendants have deprived Plaintiff William Bollinger of his civil constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to Plaintiff William Bollinger under 42 U.S.C §1983.

40. Defendants conduct deprived Plaintiff William Bollinger of his right to be free of unreasonable searches and seizures pursuant to the Fourth and Fourteenth Amendments of the United States Constitution. Defendants conduct also deprived Plaintiff of his right to due process of law pursuant to the Fourteenth Amendment of the United States Constitution.

41. Defendants falsely arrested Plaintiffs and failed to intervene in the obviously illegal actions.

42. As a direct and proximate result of the wrongful acts of Defendants, Plaintiff William Bollinger has suffered a violation of his rights under the United States Constitution, emotional trauma and suffering, loss of liberty, pain and suffering, economic damages and other damages to be determined at trial.

## SECOND CAUSE OF ACTION – (42 U.S.C §1983)

43. Plaintiffs incorporate by reference and make a part hereof all preceding paragraphs of this Complaint is if completely rewritten herein.

44. Defendants have deprived Plaintiff Megan Bollinger of her civil constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff Megan Bollinger under 42 U.S.C §1983.

45. Defendants conduct deprived Plaintiff Megan Bollinger of her right to be free of unreasonable searches and seizures pursuant to the Fourth and Fourteenth Amendments of the United States Constitution. Defendants conduct also deprived of Plaintiff of her right to due process of law pursuant to the Fourteenth Amendment of the United States Constitution.

46. Defendants falsely arrested Plaintiffs and failed to intervene in the obviously illegal actions.

47. As a direct and proximate result of the wrongful acts of Defendants, Plaintiff Megan Bollinger has suffered a violation of her rights under the United States Constitution, emotional trauma and suffering, loss of liberty, pain and suffering, economic damages and other damages to be determined at trial.

## THIRD CAUSE OF ACTION - (42 U.S.C §1983)

48. Plaintiffs incorporate by reference and make a part hereof all preceding paragraphs of this Complaint is if completely rewritten herein.

49. Defendants have deprived Plaintiff William Bollinger of his civil constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to Plaintiff William Bollinger under 42 U.S.C §1983.

50. Defendants conduct deprived Plaintiff William Bollinger of his right to be free of unreasonable searches and seizures pursuant to the Fourth and Fourteenth Amendments of the United States Constitution. Defendants conduct also deprived Plaintiff of his right to due process of law pursuant to the Fourteenth Amendment of the United States Constitution.

51. The criminal proceedings clearly were brought with malice towards Plaintiff William Bollinger

52. As a direct and proximate result of the wrongful acts of Defendants, Plaintiff William Bollinger has suffered a violation of his rights under the United States Constitution, emotional trauma and suffering, loss of liberty, pain and suffering, economic damages and other damages to be determined at trial.

## FOURTH CAUSE OF ACTION - (42 U.S.C §1983)

53. Plaintiffs incorporate by reference and make a part hereof all preceding paragraphs of this Complaint is if completely rewritten herein.

54. Defendants have deprived Plaintiff Megan Bollinger of her civil constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff Megan Bollinger under 42 U.S.C §1983.

55. Defendants conduct deprived Plaintiff Megan Bollinger of her right to be free of

unreasonable searches and seizures pursuant to the Fourth and Fourteenth Amendments of the United States Constitution. Defendants conduct also deprived of Plaintiff of her right to due process of law pursuant to the Fourteenth Amendment of the United States Constitution.

56. The criminal proceedings clearly were brought with malice towards Plaintiff Megan Bollinger

57. As a direct and proximate result of the wrongful acts of Defendants, Plaintiff Megan Bollinger has suffered a violation of her rights under the United States Constitution, emotional trauma and suffering, loss of liberty, pain and suffering, economic damages and other damages to be determined at trial.

## **FIFTH CAUSE OF ACTION – Municipal and Supervisory Liability**

55. Plaintiffs incorporate by reference and make a part hereof all preceding paragraphs of this Complaint is if completely rewritten herein.

56. Defendant Johnstown is liable for the damage suffered by Plaintiffs as a result of the conduct of their employees, agents, and servants in that after learning of their employees' violation of Plaintiffs' constitutional rights, they failed to remedy the wrong, they created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

57. Defendant Johnstown has been alerted to the conduct of Defendants but nevertheless exhibited deliberate indifference to their conduct and that deliberate indifference is cause for violation of Plaintiffs' constitutional rights in this case.

58. Defendant Johnstown was aware of the conduct of Defendant Bowman and his relationship with Ms. Williamson and Defendant Bowman's animosity toward Plaintiff William

9

Bollinger yet it failed to take any corrective action to ensure that Plaintiffs' constitutional rights would not be violated. This failure and these policies caused the officers in the present case to violate Plaintiffs' civil rights without fear of reprisal.

59. Plaintiffs have been damaged as a result of the deliberate indifference of Defendant Johnstown.

60. Defendant Johnstown is liable for the damages suffered by Plaintiffs as a result of the conduct of their employees, agents, and servants. Defendant Johnstown has been alerted to the use of false arrests and malicious prosecution by its police officers but has, nevertheless, exhibited deliberate indifference and that deliberate indifference has caused a violation of Plaintiffs' constitutional rights.

### SIXTH CAUSE OF ACTION – Negligent Hiring and Retention

61. Plaintiffs incorporate by reference and make a part hereof all preceding paragraphs of this Complaint is if completely rewritten herein.

62. Defendant Johnstown, through the police department, owed a duty of care to Plaintiffs to present the loss of liberty and mental abuse sustained by Plaintiffs. Defendant Johnstown, through the police department, owed a duty of care to Plaintiffs because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated an injury to Plaintiffs or those in a position similar to Plaintiffs as a result of this conduct.

63. Upon information and belief, Defendants Bowman and May were incompetent and unfit for their positions.

64. Upon information and belief, Defendant Johnstown knew or should have known through exercise of reasonable diligence that the Defendants were potentially dangerous and had

previously harassed Plaintiffs as a result of the relationship between Defendant Bowman and Ms. Williamson.

65. Defendant Johnstown's negligence in hiring and retaining Defendants May and Bowman proximately caused Plaintiffs' injuries.

66. Because of Defendant Johnstown's negligent hiring and retention of Defendants May and Bowman, Plaintiffs incurred damages.

WHEREFORE, Plaintiffs demands judgment against defendants, jointly and severally as follows:

(A) Reasonable and appropriate compensatory damages;

(B) Plaintiffs' costs, expenses, and reasonable attorney's fees pursuant to 42 U.S.C §1988;

(C) Punitive damages against Defendants May and Bowman and

(D) Such other relief as the Court deems necessary and proper.

Respectfully submitted,

*/s/ David A. Goldstein*
**DAVID A. GOLDSTEIN (0064461)**
**DAVID A. GOLDSTEIN CO., L.P.A.**
511 S. High Street, Suite 200
Columbus, Ohio 43215
(614) 222-1889
(614) 222-1899(Fax)
dgoldstein@dgoldsteinlaw.com
Attorney for Plaintiffs

## JURY DEMAND

A trial by jury composed of the maximum number of jurors permitted under the law is hereby demanded.

/s/ David A. Goldstein
**DAVID A. GOLDSTEIN (0064461)**

11